So the one case on the docket is number 21-55293 Dennis Seider v. City of Malibu. And we'll hear first from Mr. Kaiser. Did I pronounce that correctly? Good morning. May it please the Court. You may remove your mask and it will be easier for us to hear you. If you're comfortable doing that, you don't have to. I appreciate it, Your Honor. Good morning, and may it please the Court. Chris Kieser for Appellants Dennis and Leah Seider. I'd like to reserve two minutes for rebuttal. The Seiders want to do something that most Americans take for granted, put up a sign marking the boundary of their property. To do that, they need a coastal development permit from the City of Malibu. Malibu officials told Dennis in no uncertain terms that it could not issue a permit  between public and private property along the coast. Counsel, I have a question about that. I may be incorrect about this, so please tell me if I am. But it was my understanding that that specific provision of the city's plan has been repealed. Is that correct or not? Your Honor, the Malibu City Council passed amendments to the LIP, the provisions that we challenged. However, those amendments cannot take effect until the Coastal Commission certifies them. Which brings me to my next question. It seems to me there are only two possibilities. Either the repeal makes this case moot because the provisions you challenged don't exist anymore, or if it can't go into effect without the approval of the California Coastal Commission, it would seem to me that they are an indispensable party because only they can be the entity that can be ordered to bring into effect what the city has already done. So why isn't one of those two propositions correct? Your Honor, despite the certification provision, the Coastal Act emphasizes local control. In fact, in the City of Malibu v. Coastal Commission case, the one from 2012, the second one, the court said that even in the case of Malibu, the California Court of Appeals said, even in the case of Malibu, where the Coastal Commission actually did draft Malibu's local coastal plan, because Malibu would not draft one, even in that case, those provisions are local ordinances that are enforceable. That doesn't respond to my question. If the locals are in control and they have repealed it, then the case would be moot. But you're not agreeing with that. So you must be then in the situation where the Coastal Commission is required to do something that you want them to do. Oh, wait. Stop the clock. I don't know where my colleagues went. It looks like Zoom crashed. Yeah. It works when it works, and it's not perfect when it doesn't work. Thank you. She's working on it. Is this Kelly? Yeah. I think I jinxed it yesterday when I thanked her for making the Zoom work so well for this last several months. Oh, dear. And hasn't this court been streaming arguments for a long time? Yes, that's true. Even longer than it was any other court, right? That I don't know right away. I worked at the Seventh Circuit not too long ago, and it was a controversial topic at that point. But then eventually they did start streaming the arguments. That was like in 2019 or 2018. And I think one of the arguments was, well, the Ninth Circuit does it so well that there's no reason why we can't. Well, it remains to be seen. The worst that will happen is we'll adjourn. Let's start over another time or another day. I mean, thank goodness nobody's life is at stake. Let's see if this works. Nothing going on over there. I'm sorry, Ernie, could you repeat the question? When we start again, I will. Okay. Okay, we're back. We're back. We have not had any substantive conversation. We've been discussing the virtues and vices of the Supreme Court. Recording in progress. Okay. So if I may repeat the question for counsel so that we can catch up. It sounds to me from your previous answer that you're not conceding that the case is moot because the city has chosen not to have these particular ordinances again. But that takes me to the next piece, which is if the commission is required to act, it is they who have to do something. So I don't understand why the district court abused its discretion in saying that it's an indispensable party. Your Honor, even though the Coastal Commission has to approve amendments to the LCP, the city is still the primary permitting authority. Maybe. As I understand it, any time there is the potential for what the ‑‑ I can't remember the exact language, but it's something like a limitation on things that the Coastal Commission believes are important, then the city is not the primary. That's not quite right. As far as I read the Local Implementation Plan, Your Honor, in Section 13.10.2, the LIP directs permanent applicants to go to the commission where they seek an amendment to an existing commission issued CDP. Here there is an issued CDP from 1976. That's the one that requires the cedars to maintain between ‑‑ As I understand it, if a sign lessens the intended effect of a previously issued permit, that's what the language I was looking for, then it is primarily the commission, is it not? Sure, Your Honor. That's true. That's what the language says. But, however, our proposed sign, as noted in the complaint, would not lessen or negate the impact of the lateral access easement. We simply want to point out where the easement is. How would an ordinary person looking at that have the slightest idea on the ground what it actually means? I mean, we have a place at the beach in Oregon, and for years I don't have the slightest idea where the main high tide line is. And if somebody looks at that sign and they don't want to trespass, they're just going to turn around, aren't they? Not necessarily, Your Honor. The sign will inform the beach goers that there is a 25‑foot easement. From what? From the mean high tide line. Which they don't know what that is or where it is. Which I grant, Your Honor, that it's difficult for a layperson to determine where the mean high tide line is. Then why wouldn't that lessen the effect of the maximization of public access to the public beach? Well, Your Honor, the CDP, the 1976 CDP, does not have a condition to maximize public access. But that's the purpose of it, is it not? That was what the enforcement action was about. Well, Your Honor, the purpose of the 1976 CDP, the condition, I'm sorry, was to allow the public 25 feet of lateral access easement. It was not necessarily to maximize public access. The enforcement action that the commission took was against a totally different sign that just said private beach. Which? Correct. But in their explanation they said they wanted to maximize the public's access to the beach. Your Honor, that is the commission's policy now according to the enforcement letter. But the 1976 permit condition is simply a 25‑foot lateral access easement. And our sign in no way would lessen or negate that 25‑foot easement that would still exist. Even if you're right about that, who has primary authority? The commission clearly has appellate authority and also enforcement authority. And also the existence of the limitation that you challenge is up to the commission. So why did the district court abuse its discretion? Because, Your Honor, there's no relief at this point that we could seek from the commission. Do you accept to validate the amendment or the repeal? Your Honor, that's a dispute between the City of Malibu and the commission. We aren't parties to that. Let me ask a more specific question. If we were to grant, suppose you were to get the relief you requested and the provisions were to be invalidated as violations of the First Amendment, and then in compliance with that, the city then issues the permit, and then two commissioners then file an appeal and take that appeal, that creates the sort of unseemly scenario of the California Coastal Commission reviewing the decision of this court. Isn't the avoidance of that something that suggests that the commissioner should be joined as defendants in this case? Your Honor, that certainly suggests that the commissioners, and I would note that there's a difference between here and between the commission and the commissioners. Well, everyone knows the commission. This is kind of, it's very sort of odd that it's sort of skipped over in the paper. In the 800-pound gorilla, everyone knows the commission can't be joined under the amendment. It would be the commissioners who would be joined under Ex parte Young. Am I wrong on that? That's absolutely right, Your Honor, and that's part of the problem as to why we can't seek relief because the commissioners don't enforce Malibu's, they don't implement Malibu's LCP. Malibu does. So that's one of the reasons that we can't seek relief. But they could be made defendants and joined from attempting to appeal the decision on grounds that are inconsistent with the court's judgment. I mean appealing to the California Coastal Commission. But as of right now in our complaint, Your Honor, we sought prospective relief to prohibit Malibu from enforcing the challenge. There's no reason why you couldn't have amended the complaint to add the Ex parte Young count against the commissioners to say that they'll be bound by the judgment. And if they're bound by the judgment, then it would be inconsistent with the judgment for them to take the appeal. That's already been decided in the state court system. There's a case exactly on point with that where there was a 3802 proceeding that the commission participated in and tried to appeal, and it was held to be barred. So we could effectuate that relief if you made the commissioners members. Your Honor, there is a difference because in state court the commission actually does have a right to intervene any time an LIP or an LCP is challenged. And the typical standing rules, Article III standing rules, wouldn't apply. At least I would suggest they wouldn't apply in that situation. Whereas here, we couldn't join the commissioners as parties if we didn't have standing to sue them. And in our case, we're not seeking any action by the commissioners. The commission is speculative. Well, you are indirectly because they have in front of them whether to approve or disapprove of the repeal of the provisions that you're challenging. Your Honor, that's a dispute between the city of Malibu. Well, but it's your dispute because if those provisions go away, you have no lawsuit. I understand your reason why you don't want them here. But I don't understand the sort of logic from the court's perspective. That's true, that if the commission were to certify the amendments, that at least our LCP claims it's true. Does the federal court have the authority to order a state agency to cast votes in favor of a particular provision? Or would we just say that, declare it invalid and void and just set it aside? We don't need them to repeal it if we declare it invalid. Your Honor, I don't think that the court, any federal court, would have that authority. But I don't think that that's necessary. I think any commission action in this case is, even though it's, of course, as Your Honor noted, it's possible for two commissioners to repeal any permit grant by the city of Malibu, that's still speculative. So we have no direct injury that the commission is causing for the cedars right now. And that's why we suit the city of Malibu, who is the entity standing in the way of the permit that we need. In fact, we can't even get to the commission, because if the permit is denied as the city indicated that it would be, then we can't appeal that to the commission. Only a permit approval is under the commission's appellate jurisdiction. I just want to go back also to Your Honor's previous question about the commission reversing or reviewing a judgment of this court or the district court. I don't think that that, if the commissioners are not parties, then they're not bound. So if they reverse the permit grant, I'm not sure that they would be saying anything about, I mean, they might be saying they disagree with the district court's ruling, but they're not reviewing it. If they're not bound by the judgment and they take the appeal, they can take it upon themselves. I mean, it might be quite audacious for them to do so, but they can take it upon themselves to say we don't think it's unconstitutional and we're going to enforce it and we want the sign down or we void the permit. I think that could happen, Your Honor, but that's speculative, and that's the reason that we did not join the commissioners, because any action by them against us is speculative, whereas the city is the primary permitting authority. So we need that permit from the city regardless of any action by the commissioners down the road. I don't think that Judge Collins is suggesting that the city can't or shouldn't also be a defendant, but that isn't really the question. It's whether the district court abused its discretion in saying that others should too. I understand, Your Honor, that the Coastal Commission is not a required party simply because it has an interest in maybe defending the LIP provisions. Otherwise, anyone who is allowed to intervene as a right would be a required party, without which the lawsuit cannot continue, and that can't be the law, because there's parties who intervene. I think I cited a case called Allied Supply where that was a case where a union intervened in a challenge to California wage standards as a right. There's no way that they were a required party, even though they were allowed to intervene under Rule 24. Those two standards can't be the same. Sorry, I only have a minute left. I'd like to reserve that for rebuttal. Thank you, Your Honor. Thank you. We'll hear now from Mr. Kettles. May it please the court. Let me take my mask off. Thank you. May it please the court. The appellants are attempting to do two very improper things. One, make an end run around the Coastal Commission's interest in this whole dispute, and secondly, avoid a standard indemnity provision that's regularly sought anytime someone applies for a development permit from the city. This is a consistent practice statewide. Regarding the Coastal Commission as a necessary party, as the court pointed out, this whole dispute arose because the Coastal Commission issued a notice of violation of the cedars when they posted a sign purporting to advise the public that part of the beach is private. The notice of violation- Well, it actually didn't seem to suggest the whole beach was private. I mean, it was attached to the house and said private beach. That, I could see, directly interferes with the easement that was required by the permit. And so that's how you had, you know, primary jurisdiction over that. But this is very different. They're saying, whatever the wording is, let us say something because two-thirds of the beach is private property and people just wander all over the place and we can't stop them. And now here we are. Well, it's interesting, Your Honor, because in the notice of violation, the explanation that commission staff gave suggested that it wasn't just the fact that the sign seemed to be kind of vague about what was private and what was not, but that any sign purporting to say what's private and what's public would run afoul of not only the CDP that was issued by the Coastal Commission in 1976, but also the Coastal Act. And the city of Malibu- So a truthful statement that I have property rights in a portion of this beach, communicating that truthful fact is something that the California Coastal Act purports to prohibit? Your Honor, this is how the Coastal Commission staff has interpreted the Coastal Act. Do they go to a law school that teaches First Amendment law? Well, Your Honor, I think that I'm quite serious. I mean, you cannot prevent someone from communicating a truthful fact, especially when here there is the impingement of their property rights. I mean, that's why you're not defending the underlying constitutionality, because it's almost Rule 11 to say that you could do this. Well, Your Honor, the city has taken the position that it does not want to defend the constitutionality of this particular LCP provision. Doesn't that suggest that the district court did not abuse its discretion in saying that the members of the Coastal Commission are necessary, because you're not defending their interests, and they have an interest in this whole matter, both in the micro and the macro sense? That is correct, Your Honor. The Coastal Commission is deeply interested in this issue. There's no way around it. It's their CDP. The Coastal Commission drafted the city of Malibu's LCP. They wrote this language that the appellants are. The city declines to defend, and there may be a defense. Who knows? Right. Why have they stayed on repeal for a year? Your Honor, I do not know. There is nothing in the record to reflect why the Coastal Commission has not yet acted on this. This might be helpful. One of my law clerks checked their docket, and apparently they're just way behind. They have matters from five and four and three years ago still undecided. They're just behind, and I'm not sure whether we can take anything specific to this case from its not having been dealt with yet. Thank you, Your Honor. So if I could get back to the argument, the Coastal Commission has a deep interest in this case, and their interest would be impaired if they're not at the table. Were this court to rule that the LCP provisions of the Coastal Commission I just have a question about how this would have proceeded had it gone to state court. So as I read the state statute, if they had wanted to file in state court, they would have filed under 30802. And 30802 does not require that the Coastal Commission be made a party. It says that they may intervene or they can be joined, but it's clearly permissive in its language. And I presume that sometimes people do proceed under 30802 without joining the state. So it seems a little odd to say that state law says you can proceed without them, but if you go to federal court and they have to be joined, am I reading the state law incorrectly? Well, that's true as a general proposition, Your Honor, but these are unique facts. And there is a device under state law as well to bring in a necessary party who's not yet part of the case. And I would think that would be invoked in this situation, too, for all the reasons I've stated. This arises out of commission-issued CDP. They have primary jurisdiction over anything that would cut back on the provisions of that original CDP. This was a Coastal Commission-drafted LCP in the city of Malibu. Very unique. The legislature directed the Coastal Commission to draft the city of Malibu's LCP in this case. That is not done for the jurisdictions in the state. And finally, we have a notice of violation issued by commission staff saying, You guys have violated the CDP. You don't have a permit for this. Again, that was on something different. I mean, on a different type of sign. And they've been very clear. We will change the language to say whatever so that we don't do anything that says anything other than, This is our private property. And I don't see how the Coastal Commission has either an interest or the authority to say, We want to encourage people to invade the private property. Well, I don't think that's what's happening here. There's nothing stopping the CEDARS, which has alleged in their complaint, from going outside on the beach and saying, Excuse me, where you are right now is the private part of the beach. Go to the public beach. There's nothing stopping them from doing that. They've alleged that they've done that. And if the trespassers won't leave their private part of the beach, they can call law enforcement. That's not what this case is about. They can't use a written sign to communicate the same things that they have to go out and confront, you know, drunken revelers on the beach. So the Coastal Commission staff, the language of their notice of violation, suggests that any sign that would purport to identify the truthful boundary between the public and private is not allowed under the Coastal Act. For the reasons Judge Graver articulated earlier in the argument, that unsophisticated folk, they want to enjoy a nice day at the beach. They don't want any trouble. They just want to enjoy the scenery. And to see a sign that says private property or private property up to 25 feet to the high-tide line, a typical person is just going to move on, and they're not going to use the public beach. And the Coastal Act, the legislature has been very clear. We want to promote public access to the public's beach. And I suppose that we did not agree that the Coastal Commission had primary jurisdiction because it, you know, did not involve a commission-issued coastal permit. Would the commission still have enforcement authority? Could it try and enforce the invalidated provisions other than through an appeal? Is there some mechanism other than by appealing the grant of the permit that they could try and enforce the underlying provisions? I believe so, Your Honor, that they're not a party to the case, so they wouldn't be bound by any sort of collateral rules. They could point to the preexisting CDP, which they adopted in 1976. They could enforce provisions of the Coastal Act as the Coastal Commission interprets those provisions. They would not be bound. So if the city were to grant the CEDARS a permit, the Coastal Commission would have full authority to issue a cease and desist directive to the city, to the CEDARS, and to enforce the Coastal Act. They have the full panoply of powers. But that's kind of speculative at this point, and then there could be a separate suit against them at that point, could there not? There could, but again, the purpose of Room 19, Your Honor, is to avoid the multiplicity of suits. This is a very unique case that the Coastal Commission is the big player, the elephant in the room. Isn't there a standard of review of use of discretion as well? It is, Your Honor. So if we might do it differently, that isn't necessarily the test? That's correct. If there's evidence in the record to support that what the district court, the call that the district court made here on necessary party is there, then this court must affirm what the district court did here. And the evidence in the record consists of all the legal authority that gives the Coastal Commission an interest in this dispute and the power to act in so many different ways, ways that the city does not have and is, in fact, disavowed in the interest in defending this, these provisions that are challenged here. Now, the court seemed, by my reading, to violate the language of Rule 19 because it just, it granted leave to amend to add the commission. And what the rule clearly says is if a person has not been joined as required, the court must order that the person be made a party. And then, of course, if they can't be made a party, then it has to make a decision whether the suit can go forward. So it seems that what the court should have done was figure out the commission couldn't be added and that the commissioners needed to be added and then order the commissioners to be added. Is that, in my reading, how the rule would have worked here if it had been followed? Your Honor, I believe that the Coastal Commission has been identified in the Coastal Act as subject to suit in court. So I think that they could have been brought in as a party. Well, regardless of whether it's the commission as an entity or the commissioners, I think Judge Collins' question is whether the court, instead of inviting that they be joined, ordering that they be joined, whoever it is that needs to be joined. Am I right about that, Judge Collins? I think that was your question. That's my question because that's what the rule seems to say. He did the wrong thing when he found out that they should have been joined. Nice to the plaintiffs. But it was enjoyment. That's my question as well because I saw the language that these cedars declined to amend their complaint to join. That's unusual in my view. It would be up to them whether to, either they have to or they don't, not whether they get to decide and decline to join. Yes, I don't think I agree that the district court, or I think there are a number of reasons, there are a number of ways to accomplish bringing the Coastal Commission before the court. And I think one reasonable way the district court did it was say, we're going to give the plaintiffs an opportunity then to bring them in. This is, if they, I think that was a reasonable way. It somewhat has the same effect from your point, if you ever think, if the court had said you must join them or the lawsuit goes away. I mean, I'm not really sure why you're arguing it with the plaintiff. I think at the end of the day, they were supposed to be brought in. The district court said they should be made a party, and if they're not a party, the case is dismissed. Whether the court issues an order on directing to bring them in or the court is saying, I give you leave to amend, the end result is the same. Can I ask you about the other issue in the case about rightness? Because it seems to me that the indemnification provision alters the contractual relationship, the legal relationship of the city and the seniors. And I would have thought that that change in the contractual relationship is a sufficient injury for Article III purposes, and therefore right. I mean, if you were to order an insurance company, you will issue that policy. I don't want to go ahead and issue it, and then the insurance company sues, saying that violates my rights. Well, wait until they file a claim. I don't think that's how that would proceed. I think that would be a ripe injury, and I don't see why this is different from that. Well, if I understand Your Honor's question, and I want to make sure that the facts are clear, they've not applied for a permit, so they did not agree to be bound by the indemnity provision. So there's no contract between the seniors on the one hand and the city on the other. So it's a mutual liability. Yes, Your Honor. But you're trying to force them. You're saying you can't apply for the permit unless you sign this indemnification agreement, and they say, I don't want to, and that's why we're here. Well, they could have sued in state court under California Code of Procedure 1094.5, seeking an administrative writ of mandate. So they could have agreed to it, and then required to exhaust. It's as clear as day that you don't have to exhaust state remedies under 1983. So they didn't have to do anything in state court if you're doing something unconstitutional. But there are so many contingencies before they're injured. Yes, there's a contract, but it's a contract that they haven't paid any money. They're not injured yet. If they say, I want to apply for a permit, and you say sign this indemnification, I don't want to do it, sorry, you have to, I assume. Why isn't that a right thing? You're trying to force them to assume this legal obligation they don't want to shoulder. But it's an obligation with a number of contingencies, a number of contingencies. Does the city grant the permit as opposed to sending it to the Coastal Commission for them to access jurisdiction? Why is that different from my insurance company hypothetical? You issue, you force them to issue the policy, and they don't want to. And then you say, well, wait, the homeowner may take them years to file a claim. And if they file a claim, then come back and it's not right. It doesn't sound correct to me. There's an additional contingency in our situation. The city has to approve the permit. And that step is absent from your hypothetical, Your Honor, about the insurance company. Once they're bound, if there's an accident which is outside the control of the insurance company and they insure it, then they're on the hook. But there's no counterpart in your hypothetical to the fact that the city has to issue a permit here as opposed to not issuing the permit or the permit being issued by the Coastal Commission. Does the city agree that the indemnification agreement would not allow you to seek the costs associated with this? The city would not impose, invoke the indemnity provision against, with respect to fees incurred by the city because the cedars are suing the city in this case. That's not what that indemnity provision is about. It's really quite broadly worded, and the complaint points this out. The property owners and their successes and interests shall indemnify and defend the city of Malibu and its offices, employees, and agents from and against all liability and costs relating to the city's actions concerning this property, let alone say granting. Well, Your Honor, as we indicated below in the district court and here, the city interprets that indemnity to apply only in a situation where the permit has been granted and the third party sues the city for improvidently granting the permit. And the logic, I think, is pretty clear. This is the cedars permit. If the city gives the cedars a permit and someone sues the city for the benefit the cedars have obtained, it's reasonable that the public FISC taxpayer dollars should be protected against that kind of a lawsuit, which is really running to the benefit of the cedars, if the city would be defending the permit in that situation. Okay. I've taken you over your time if you just want to wrap up. Thank you, Your Honor. So for the reasons I've stated, the cedars have improperly tried to avoid the Costa Commission, which is a necessary party to this lawsuit. The indemnity provision is a standard provision that is present in all development applications taken by the city and really, frankly, across the state of California by public jurisdictions. Their dispute, their challenge to the indemnity clause is not right, and on the merits this has been upheld in analogous situations by the Kumodo decision at the Ninth Circuit in Santa Monica, food not bombs. And for these reasons, I respectfully request that the court affirm the judgment in favor of the city. Thank you. Thank you, counsel. All right, we'll hear a rebuttal now from Mr. Keeser. And since we allowed Mr. Kettles to go over, let's put the same amount of extra time on the clock, so I think that it will be five minutes for rebuttal. Thank you, Your Honor. I want to start by going back to the VIP provisions and the required party issue. And I think that the main dispute here is that over the commission may have an interest and perhaps does have enough interest to intervene under Rule 24. But as Judge Collins pointed out, even in state court, they don't have to be a party whenever somebody challenges a provision of an LCP. What would happen? I mean, they have from the Bay case reserved this question, but what would happen if the court in a 30802 action ordered the city to issue the permit and the commission didn't intervene and then the commission took the appeal? Would it then sort of counterman the court's decision on the grounds that it wasn't a party and not bound by it? Your Honor, I would think that the commission as a non-party would not be bound, and it's possible that the commission would, well, that action may expose the commission to a second lawsuit. Just as here, if the city were to grant the permit after the district court issues the relief that we sought in the complaint, and then the commission were to act and reverse that permit on appeal, there might be a second lawsuit against the commission. This court has been pretty clear. But if there was going to be a second lawsuit, does that suggest the district court didn't use its discretion in saying, well, we just haven't joined the party? No, Your Honor, because, well, I think the main reason for that is because we're not, we can't, there's no discretion for the commissioners right now. But there's no relief that we could seek because the commissioners, any action by the commissioners is speculative. Two commissioners would have to vote to take the appeal or someone would have to bring them an appeal. And however likely someone might think that is, it's not in the record. So there's no guarantee of commission action here. And so the seniors can get a permit without ever going to the commission in this case. Do you agree that, what's your position on the issue that I raised about the district courts sort of veering away from the language of Rule 19? I think you very well might be correct on that. But then, as Judge Sirgrub's pointed out, you could have fixed this by saying, I'm going to amend to name the commissioners. That may or may not be true if we don't have standing to sue the commissioners and the commissioners could come in and say that, you know, any action by us is speculative. We're not doing anything to harm the seniors right now, so you can't. And then once they can't be a party, then we're back to, you know, the situation of can the lawsuit continue without them, which is kind of where we are now. So there's a whole question about whether or not we could get relief, whether we could seek relief or what relief we could seek from the commission. It's all bound up in the same issue of the city is the primary permitting authority. And as the primary permitting authority, that's who we need prospective relief from in order to get a permit. And without that, we could get a permit from the city. And if the commission chose not to act, it doesn't necessarily have to act in every case where it might have an interest. And here it has not claimed an interest. And as it likely could do under Rule 24, it could have intervened in this case, and it chose not to. Now, it might do so if the judgment, if the case were remanded, and then it might do so. But once it, if the commission were to intervene, that would obviate at least some of the standing issues. I believe in the Ninth Circuit, intervener defendants don't need to show standing. So that, in that case, they would be voluntarily subject, and that's also the court's jurisdiction. But in our case, we can't bring them in without having relief that we could seek against them, prospective relief. Well, the relief is that you want a declaration that the thing that they wrote and that they enforce is unconstitutional, and the city won't defend it. So they have an interest in that, and it's not being represented in the lawsuit. And that's, Your Honor, that's exactly why they could intervene under Rule 24. But they don't have to. That, I mean, you're saying that's their only avenue, and it seems to me that that's not correct. Well, I mean, in, I'm sorry, Your Honor, in United States v. Bowen, the court, this court, emphasized that if a party is aware of a lawsuit and hasn't claimed an interest in it, it shouldn't be, the existing defendant shouldn't be able to use Rule 19 to dismiss the case when the absent non-party of interest didn't choose to claim an interest in the case. So the Coastal Commission has not claimed an interest in this case, and while it might have an interest sufficient to intervene under Rule 24, that should make the case go away because we failed to join them. Otherwise, the contrary position there would be that any party who can intervene as a right under Rule 24 is also a required party under Rule 19, and that can't be the law. There are many parties who intervene under Rule 24 who no plaintiff could have been expected to join. Okay. Thank you, counsel. I'll let you go over. We appreciate both counsel's extremely helpful arguments this morning, and the case of Cedar v. City of Malibu will be submitted, and you'll hear from us in due course. And with that, I have a session this morning. Thank you.
judges: GRABER, COLLINS, Groves